**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| EDGAR MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:17-cv-00218 v. U.S. |
| | § | |
| UNITED STATES OF AMERICA and | § | |
| GABRIEL AGUIRRE, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW EDGAR MORALES Individually (hereinafter referred to as "Plaintiff"), complaining of the UNITED STATES OF AMERICA and GABRIEL AGUIRRE, and for a cause of action would respectfully show the Court as follows:

**I.   PARTIES**

1. Plaintiff is a resident of Texas.

2. Defendant UNITED STATES OF AMERICA is a governmental entity and may be served with process by delivering a copy of the summons and the complaint to the United States Attorney in the district the action is sought, sending a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's office, or by sending two copies of the summons and two copies of the complaint to the U.S. Attorney General, Jeff Sessions, to the U.S. Department of Justice 950 Pennsylvania Ave., NW, Washington, DC 20530-0001.

3. Defendant GABRIEL AGUIRRE is an employee of the Customs and Border Protection Agency, Department of Homeland Security.   Further discovery will provide

information as to Defendant's address for appropriate service of process.

## II.   JURISDICTION AND VENUE

4. The Court has jurisdiction over this case pursuant the Federal Tort Claims Act, 28 U.S.C. § 1346(b), et seq. and 28 U.S.C. 171 et. seq.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1402(b) because the events forming the basis of this complaint took place within the El Paso Division of the Western District of Texas, specifically El Paso County, Texas.

6. Plaintiff gave timely notice to Defendant UNITED STATES OF AMERICA of his claims on or about March 7, 2017. Defendant has failed to make a final disposition upon Plaintiff's claims; therefore, the Court has jurisdiction under 28 U.S.C. § 2675.

7. Plaintiff anticipates that Defendant GABRIEL AGUIRRE will be determined by the Department of Justice and Defendant UNITED STATES OF AMERICA to have been a federal employee acting within the course and scope of his employment at the time of the events giving rise to this suit.

## III.   FACTS

8. The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an occurrence on or about July 15, 2015, in El Paso County, Texas. At such time and place, Defendant, GABIREL AGUIRRE was exiting a private driveway traveling northbound on Robert Ituarte Street and failed to yield the right of way to Plaintiff, EDGAR MORALES who was traveling southbound on Robert Ituarte Street. Agent GABRIEL AGUIRRE (U.S. Customs and Border Protection, Department of Homeland Security) was acting within the course and scope of his employment with Defendant UNITED STATES OF AMERICA while operating a motor vehicle. Agent GABIREL AGUIRRE failed to use reasonable judgment in operation of a

motor vehicle, and failed to yield the right of way. Further, Agent GABRIEL AGUIRRE recklessly failed to yield or reduce speed and struck the vehicle of Plaintiff EDGAR MORALES. This occurrence caused substantial injuries to the person of EDGAR MORALES as well as property damage to his vehicle.

### IV.   STANDARD OF CARE

9. This is an action for damages instituted by Plaintiff EDGAR MORALES against Defendants UNITED STATES OF AMERICA and GABRIEL AGUIRRE, wherein Defendants are liable in money damages to Plaintiff for common law and statutory negligence. Defendants owed Plaintiff a duty to act reasonably when entrusting agencies and employees with motor vehicles. Defendant UNITED STATES OF AMERICA's agents owed a duty to operate assigned vehicles with appropriate regard for the safety of all persons. Said entrustment and collision were breaches of Defendants' duties and Plaintiff's damages were proximately caused by Defendants' violations of the laws of the State of Texas and of the United States of America constituting negligence *per se*.

### V.   VICARIOUS LIABILITY

10. Defendant UNITED STATES OF AMERICA is vicariously liable for the negligent acts of its agents pursuant 28 U.S.C. § 1346(b)(1). The Federal Tort Claims Act (FTCA) imposes vicarious liability on the United States government for negligent or reckless acts committed by federal agencies and employees within the scope of their duties or employment pursuant 28 US.C. § 2671 and § 2674. The FTCA requires that Defendant UNITED STATES OF AMERICA only be sued if a private person could be sued under the same circumstances. Defendant UNITED STATES OF AMERICA is an appropriate party because a private person under the same circumstances could be sued for their agent's negligent acts or omissions due to its

principal-agent relationship with said agent. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following acts or omissions on the part of an agent of Defendant UNITED STATES OF AMERICA:

a. Failure to yield to approaching vehicle when emerging from an alley or driveway. Texas Transportation Code § 545.153
b. Failure to maintain a proper lookout while turning, Texas Transportation Code §552.008
c. Driving a government vehicle at speeds excessive to what was reasonable and prudent under the circumstances. Texas Transportation Code § 545.351
d. Failure to use the emergency vehicle lights or siren, whistle, or bell as required. Texas Transportation Code § 547.702.
e. Failure to give consideration to the safety of others. Texas Administrative Code § 1.191.
f. Acting in violation of standards of conduct under Department of Homeland Security U.S. Customs and Border Protection Directive 51735-013A.
g. Failure to turn left or right to avoid collision. Texas Transportation Code § 552.008

11. The Federal Tort Claims Act (FTCA) allows civil actions against agencies of the United States under 28 U.S.C. § 1346(b)(1). The FTCA imposes vicarious liability on Defendant UNITED STATES for negligent or reckless acts committed by its employees within the scope of their duties or employment pursuant 28 US.C. § 2671 and § 2674.

### VI.   INDEPENDENT LIABILITY OF THE UNITED STATES

12. Alternatively, and without waiving the foregoing, Defendant UNITED STATES OF AMERICA was independently negligent because its acts or omissions were contrary to what a reasonable and prudent person would have done under the same or similar circumstances, including one or more of the following alternative theories of negligence recognized under state law:

a. That on or about July 15, 2015, Defendant UNITED STATES OF AMERICA was negligent by entrusting the control and operation of the motor vehicle which was under its ownership and control to one of its agents.
b. Allowing its agents to operate government vehicles off the public streets of El Paso County, Texas, and in particular at the location referred to above, when it

      knew or should have known that its agents were unfit, incompetent, reckless or unskilled to operate the vehicle in such conditions.

    c.    Defendant UNITED STATES OF AMERICA was negligent on the occasion in question.

    d.    Defendant UNITED STATES OF AMERICA'S negligence caused the Plaintiff's injury.

    e.    Other negligence to be discovered in the course of litigation.

13. Each of which acts or omissions was contrary to what a reasonable and prudent person would have done under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

14. As a result of said negligence described above that proximately caused Plaintiff's damages, Defendant UNITED STATES OF AMERICA is liable under the Federal Tort Claims Act.

### VII.  NEGLIGENCE OF DRIVER GABRIEL AGUIRRE

15. Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant UNITED STATES OF AMERICA's agent, GABRIEL AGUIRRE. GABRIEL AGUIRRE had a duty to operate the emergency vehicle with appropriate regard for the safety of all persons pursuant to § 546.005 of the Texas Transportation Code. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following acts or omissions on the part of Defendant GABRIEL AGUIRRE:

    a.    Failure to yield to approaching vehicle when emerging from an alley or driveway. Texas Transportation Code § 545.153

    b.    Failure to maintain a proper lookout while turning, Texas Transportation Code §552.008

    c.    Driving a government vehicle at speeds excessive to what was reasonable and prudent under the circumstances. Texas Transportation Code § 545.351

    d.    Failure to use the emergency vehicle lights or siren, whistle, or bell as required. Texas Transportation Code § 547.702

    e.    Failure to give consideration to the safety of others. Texas Administrative Code § 1.191.

      f.      Failure to uphold standards of conduct under Department of Homeland Security U.S. Customs and Border Protection Directive 51735-013A.

      g.      Failure to turn left or right to avoid collision. Texas Transportation Code § 552.008

16. Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

17. As a result of said negligence described above that proximately caused Plaintiff's damages, Defendant GABRIEL AGUIRRE is alternatively liable to Plaintiff under Texas law and the laws of the United States.

## VIII.   DAMAGES OF PLAINTIFF

18. As a direct and proximate result of the negligence of Defendants UNITED STATES and GABRIEL AGUIRRE, Plaintiff EDGAR MORALES was severely damaged. EDGAR MORALES suffered injuries to his body for which Defendants are liable. Plaintiff has incurred expenses for medical care, nursing services, attention and other expenses. These expenses were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care, nursing services and attention and will necessarily incur reasonable expenses in the future for such medical needs.

19. Plaintiff has suffered physical pain and mental anguish in the past and will continue to suffer physical pain and mental anguish in the future. Plaintiff has suffered severe bodily injuries and disfigurement. These injuries have caused the Plaintiff to suffer conscious pain and physical agony and will continue to do so in the future. Plaintiff has lost wages, and Plaintiff has suffered a loss of earning capacity due to the incident.

20. For these reasons, Plaintiff EDGAR MORALES has been damaged in an amount within the jurisdictional limits of the Court.

## IX. RELIEF REQUESTED

21. Plaintiff has suffered damages within the jurisdictional limits of this Court and requests monetary relief of no less than $1,000,000.00.

## X. JURY DEMAND

22. Plaintiff respectfully requests a trial by jury of the issues in this case.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled

Respectfully submitted,

ARANDA LAW FIRM PLLC
2507 N. Stanton
El Paso, Texas 79902
Tel: (915) 996-9914
Fax: (915) 996-9915

By: _/s/ Marco Aranda_

_____
MARCO ARANDA
State Bar No. 24045419
Attorney for Plaintiff